# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2023

Lyle W. Cayce
Clerk

————————

No. 21-60892

————————

Copperas Cove LTC Partners, Incorporated,

*Petitioner*,

*versus*

United States Department of Health and Human
Services,

*Respondent.*

———————————————————————

Appeal from the Department of Health & Human Services
Agency No. A-18-117

———————————————————————

Before Jones, Dennis, and Willett, *Circuit Judges*.

Edith H. Jones:[*]

Copperas Cove LTC, a nursing home, challenges a fine imposed by the Centers for Medicare and Medicaid Services (CMS). Having carefully reviewed this appeal in light of the briefs, oral argument, and record, we are constrained to DISMISS the petition for review. The Administrative Procedure Act's strictures on judicial review and the latitude afforded the

———————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60892

Administrative Law Judge (ALJ) and Departmental Appeals Board are not overcome here. But we witness a tragic outcome. A severely disabled 35-year-old resident of the facility was removed from the only home he had known since age seven—a home that, if imperfect in some ways, had never failed regulatory scrutiny in the past.

In 2016, a state survey team found that Copperas Cove was not in compliance with certain Medicare requirements. Most of these violations stemmed from its treatment of Resident #5, a long-term resident with severe cerebral palsy, severe mobility impairment, severe intellectual disabilities, macular degeneration, lack of safety awareness, and a history of inappropriate behavior with staff and other residents. The survey team flagged several violations that had not been mentioned during years of previous surveys. Copperas Cove was fined and Resident #5 relocated to another facility. The nursing home tried and failed to convince the ALJ, and then the Appeals Board, that the fine should be reduced or eliminated. It now petitions to this court.

Copperas Cove argues that the Appeals Board should have reviewed the ALJ decision using a "preponderance of the evidence" standard. Yet its argument confuses the standard of proof initially applied by an ALJ with that applied by the Appeals Board. When reviewing the ALJ's decision, the Appeals Board guidelines and precedent limit its review to determining whether: "(1) factual findings in the decision are supported by 'substantial evidence' in the record as a whole; (2) the decision's necessary legal conclusions are correct (that is, are consistent with applicable statutes and regulations); and (3) a 'prejudicial error of procedure . . . was committed.'" *See Guidelines – Appellate Review of Decisions of Administrative Law Judges Affecting a Provider's Participation in the Medicare and Medicaid Programs*, "Completion of the Review Process," ¶(c), https://www.hhs.gov/about/agencies/dab/different-appeals-at-dab/

appeals-to-board/guidelines/participation/index.html; *Glenoaks Nursing Ctr.*, DAB No. 2522, at 6 (2013); *Douglas Bradley, M.D.*, DAB No. 2663, at 5 (2015). Moreover, Copperas Cove's suggestion that this scheme of review violates procedural and substantive due process lacks merit.

Copperas Cove also attacks the factual basis for its purported regulatory violations. But each finding, whether this court may disagree or not, was supported by substantial evidence. *See* 42 U.S.C. § 1320a–7a(e). *First*, the Appeals Board found that Copperas Cove chemically restrained Resident #5 in violation of 42 C.F.R. § 483.13(a) (Oct. 2016). CMS presented evidence that Copperas Cove significantly increased Resident #5's Risperidone prescription without (a) any medical diagnosis for the conditions that Risperidone is meant to treat or (b) any showing that the dosage was necessary for safety purposes. *Second*, the Appeals Board found that Copperas Cove involuntarily secluded Resident #5 in violation of 42 C.F.R. § 483.13(b). The CMS surveyor and Copperas Cove staff stated that the nursing home would seclude Resident #5 in his room "for its convenience, so that it could meet the needs of other residents without having to monitor him." *Third*, it follows that Copperas Cove failed to "implement written policies and procedures that prohibit mistreatment," 42 C.F.R. § 483.13(c) (Oct. 2016), since that requirement stipulates that facilities "must [n]ot use . . . involuntary seclusion." *Id.* § 483.13(c)(1)(i) (Oct. 2016). *Fourth*, the Appeals Board found that Copperas Cove did not comply with the National Fire Protection Association's Life Safety Code Standard 19.7.1.1, which requires a written plan for the evacuation of all persons in the event of a fire. 42 C.F.R. § 483.70(a)(1)(i) (Oct. 2016) (requiring compliance with the Life Safety Code). Copperas Cove's written evacuation plan did not identify severely disabled residents who could not protect themselves in the event of a fire. These evidentiary challenges fail.

Copperas Cove's allegations of procedural error are likewise lacking. It cites the Texas Rules of Evidence to object to testimony offered by the CMS surveyor, even though those rules are inapplicable to agency proceedings. 42 C.F.R. § 498.61. Its allegation that it was not allowed to question the CMS surveyor about her qualifications is false; the record shows that the ALJ simply advised counsel that exploring her background would not be helpful if the facts about which she testified were undisputed. And contra Copperas Cove's claims, the record demonstrates that both the ALJ and the Appeals Board gave due consideration to evidence from Resident #5's physician in making their determinations. Similarly, the ALJ and the Appeals Board considered—and found unhelpful—the testimony of Dr. Pearl Merritt, Copperas Cove's expert witness.

Copperas Cove argues that CMS is equitably estopped from enforcement insofar as Copperas Cove's manner of caring for Resident #5 was ongoing for many years, and previous CMS surveys never flagged the violations that the agency now identifies. But as it stated in its opinion, the Appeals Board has "held that neither it nor an ALJ is authorized to grant a non-federal party relief from a CMS enforcement action based on equitable defenses or doctrines." The nursing home's mode of care would not entitle it to estoppel in any case. The fact that previous surveyors overlooked noncompliance in the past—or even orally authorized it—does not estop the government from enforcement in the future. *F.D.I.C. v. Royal Park No. 14, Ltd.*, 2 F.3d 637, 641 (5th Cir. 1993).

Last, Copperas Cove asserts, in a conclusory fashion, that the penalties assessed are unreasonable. However, it fails to address any of the factors relevant to civil penalties specified in the federal regulations. *See* 42 C.F.R. § 488.438(f). And it does not dispute that the per-day fine was only a fraction of the maximum amounts allowed under the regulations. As such, its challenge fails.

No. 21-60892

For the foregoing reasons, the petition for review is DISMISSED.